Steven H. Sackmann, #00618
Sackmann Law Office
PO Box 409 - 455 E. Hemlock, #A
Othello, Washington 99344
(509) 488-5636 - phone
(509) 488-6126 - FAX

Toni Meacham, #35068
Attorney at Law
1420 Scooteney Rd
Connell, WA 99326
(509)488-3289

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON UNITED STATES

| In Re: | Ch 11 |
|---|---|
| **CLAAR CELLARS, LLC,** | Case No: 20-00044-11 |
| **Debtor.** | MOTION FOR AN ORDER:<br>  (a) Authorizing Emergency &<br>    Interim Use of Cash<br>    Collateral;<br>  (b) Authorizing Final Use of Cash<br>    Collateral;<br><br>***WITH REQUEST TO SHORTEN TIME FOR NOTICE AND OBJECTIONS & REQUEST FOR EMERGENCY HEARING*** |

Claar Cellars, LLC "Claar Cellars" hereby moves the Court for an order

authorizing it to use cash collateral upon the terms and conditions described herein.

MOTION  -1

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

The motion is made pursuant to 11 U.S.C. §363, FRBP 4001 and LBR 4001-1 and is supported by the Declaration of Robert C. Whitelatch. Any reference to an Exhibit herein refers to the <u>Exhibits attached to the Declaration of Mr. Whitelatch</u>.

## 1. Factual Background,
### Identification of Cash Collateral & Lienholders

1.1     Robert C. Whitelatch ("Robert") and Crista Claar Whitelatch ("Crista") are husband and wife who with their children, James Whitelatch and John Whitelatch, Revocable Trust known as Whitelatch Living Trust dated 3/15/1995 own, farm and operate grape vineyards and a winery in Franklin County, Washington.

1.2     Claar Cellars is a Washington Limited Liability Company with the following members:

| | |
|---|---|
| Robert C. Whitelatch | 30% Member |
| Crista Claar Whitelatch | 30% Member |
| James Whitelatch | 20% Member |
| John Whitelatch | 20% Member |

1.3     Co-debtor RC Farms, LLC ("RC Farms") is a Washington Limited Liability Company with the following members:

| | |
|---|---|
| Robert C. Whitelatch | 30% Member |
| Crista Claar Whitelatch | 30% Member |
| James Whitelatch | 20% Member |
| John Whitelatch | 20% Member |

MOTION  -2

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

1.4    James and John are the adult children of Robert and Crista and both are employed to grow grapes in the vineyards and process and sell wine through the Claar Cellars entity.

1.5    The Whitelatch Living Trust consists of Robert and Crista and owns Parcel No. 126-390-110 located in Farm Unit 206, Irrigation Block 15 (a/k/a 1031 Glenwood Road, Pasco, Washington). The property consists of grape vineyards on 27 acres and a combined residence and shop. Parcel No. 126-390-110 in Farm Unit 206, Irrigation Block 15 has a fair market value of $1,000,000.00 and is encumbered by a Real Estate Mortgage owed to Homestreet Bank. Robert and Crista have guaranteed the indebtedness owed to Homestreet Bank

1.6    Claar Cellars owns Parcel No. 126-390-171, i.e. Lot 1 Short Plat 96-24 located in Franklin County, Washington (a/k/a 1081 Glenwood Road, Pasco, Washington). This property consists of 2.16 acres upon which is the winery and support buildings which processes and markets the grapes grown by RC Farms. The winery property has a fair market value of $2,640,000.00 and is encumbered by a Deed of Trust in favor of Baker Boyer Bank which is owed $787,978.28.

1.7    RC Farms owns Parcel No. 123-080-013 located in Farm Unit 94, Irrigation Block 15, Franklin County, Washington (a/k/a 11201 Taylor Flats Road, Pasco, Washington). The property consists of 76.52 acres and a residence used by an employee, a shop and a pivot circle which pivot circle is leased by T-N-T Enterprises Group, Inc. The property has a fair market value of $1,700,000.00 and is unencumbered.

MOTION  -3

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

RC Farms owns Parcel No. 126-390-140 located in Farm Unit 206, Irrigation Block 15, Franklin County, Washington (a/k/a 1340 Glenwood Road, Pasco, Washington). The property consists of grape vineyards on 82.74 and a residence used by an employee. These vineyards are farmed by RC Farms and the grapes grown on this property are made into wine and processed and sold by Claar Cellars. This property has a fair market value of $2,000,000.00 and is encumbered by a Real Estate Mortgage owed to Homestreet Bank.

1.8     All Owned Property is described on Exhibit "1" attached to the Declaration of Whitelatch.

1.9     Market conditions have resulted in a surplus of wine which has prevented Claar Cellars from selling enough of its wine inventory to remain within the 1.25% debt to sales ratio. This resulted in Homestreet Bank accelerating the balances owed on all indebtedness. Homestreet Bank filed its Complaint in Franklin County on or about November 5, 2019, to foreclose Deeds of Trust, Replevin, Breach of Contract and to Appoint a General Receiver. The Court appointed a "custodial" receiver with full powers to operate the properties encumbered by Homestreet Bank and sell the property upon Court order which would take effect on or about January 10, 2020. The pending State Court litigation caused Claar Cellar and RC Farms to file Chapter 11 Petitions for relief on January 9, 2020, to retain control of the vineyards and winery.

MOTION  -4

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

1.10 Robert, Crista and their children are and have been actively seeking alternative financing to pay Homestreet Bank in order to continue farming and operating the vineyards and winery. They have and are also pursuing sale of the entire farm and winery operation to accommodate their retirement objectives.

1.11 Claar Cellars is indebted to Homestreet Bank pursuant to two Promissory Notes with unpaid principal and interest owed as of November 5, 2019, plus accruing interest and costs as follows:

| | |
|---|---|
| Note 1: | $651,376.29 |
| Note 2: | $61,577.24 |
| TOTAL Principal and Interest as of 11/5/2019: | $712,953.53 |

Homestreet Bank claims that this indebtedness is secured by security interest in personal property of RC Farms and Claar Cellars pursuant to blanket security interest encumbering the personal property of Claar Cellars and RC Farms.

1.12 RC Farms is indebted to Homestreet Bank pursuant to Promissory Note with unpaid principal and interest owed as of November 5, 2019, plus accruing interest and costs as follows:

| | |
|---|---|
| Note 1: | $1,143,168.08 |
| TOTAL Principal and Interest as of 11/5/2019: | $1,143,168.08 |

Homestreet Bank claims that this indebtedness is secured by security interest in personal property of RC Farms and Claar Cellars pursuant to blanket

MOTION  -5

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

security interest encumbering the personal property of Claar Cellars and RC Farms and by Real Estate Mortgage on property of RC Farms and property of Robert and Crista d/b/a Whitelatch Trust.

1.13    The approximate net worth of Claar Cellars is as follows:

| | | |
|---|---|---|
| Cash | $1,336.71 | |
| Cash | $6,766.87 | |
| Real Estate, i.e. Parcel No. 126-390-171 | $2,640,000.00 | |
|   (with improvements) | | |
| Equipment Inventory (Exhibit "2" to Dec) | $888,215.93 | |
|   (other than improvements included | | |
|     in real estate valuation) | | |
| Wine Inventory @ cost (Exhibit "3" to Dec) | $1,820,810.42 | |
| Accounts Receivable (Exhibit "4" to Dec) | $308,942.47 | |
| Subtotal: | | $5,666,072.40 |
| | | |
| LESS: | | |
| Baker Boyer Bank | ($787,978.28) | |
| Homestreet Bank | ($712,953.53) | |
| Farm Credit – Chiller | ($6,336.00) | |
| Bank of the West / H&A Financing | | |
|   and Services Corp. – Barrels | ($35,000.00) | |
| Hammi Bank – Gal Tank | ($8,946.00) | |
| Unsecured Accounts Payable | ($208,258.32) | |
| Subtotal | | ($1,759,472.13) |
| | | |
| NET WORTH | | $3,906,600.27 |

MOTION  -6

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

1.14    The approximate net worth of RC Farms is as follows:

| | | |
|---|---|---|
| Cash | $57.14 | |
| Cash | $2,850.94 | |
| Real Estate, i.e. Parcel No. 123-080-013 | $1,700,000.00 | |
|   (pivot circle and improvements) | | |
| Real Estate, i.e. Parcel No. 126-390-140 | $2,000,000.00 | |
|   (vineyard and improvements) | | |
| Equipment Inventory (Exhibit "5" to Dec) | $204,439.47 | |
| Accounts Receivable (Exhibit "6" to Dec) | $356,671.95 | |
| Subtotal | | $4,264,019.50 |
| | | |
| LESS: | | |
| Homestreet Bank | ($1,143,168.08) | |
| Ag Direct – Stripper | ($6,749.00) | |
| Ag Direct – Tractor | ($11,594.00) | |
| Financial Pacific Leasing | | |
|   – Berm Sweeper/Stakes | ($22,011.00) | |
| Unsecured Accounts Payable | ($49,561.75) | |
| Subtotal | | ($1,233,083.83) |
| | | |
| NET WORTH | | $3,030,935.67 |

1.15    Claar Cellars and RC Farms have developed a 2020 winery and farming budget ("Budget") attached to the Declaration of Whitelatch as Exhibits "7-1" and "7-2." The Budget describes the projected 2020 winery and farming income and expenses.

1.16    Claar Cellars and RC Farms are indebted to Homestreet Bank as follows:

| | | |
|---|---|---|
| Claar Cellars Promissory Note | | |
|   TOTAL Principal and | | |
|   Interest as of 11/5/2019: | $712,953.53 | |
| | | |
| RC Farms Promissory Note | | |
|   TOTAL Principal and | | |
|   Interest as of 11/5/2019: | $1,143,168.08 | |
| | | |
| TOTAL | $1,856,121.61 | |

MOTION  -7

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

1.17    The Homestreet Bank debt is secured by the following assets:

Claar Cellars
    Cash                                                    $1,336.71
    Cash                                                    $6,766.87
    Equipment Inventory (Exhibit "2" to Dec)                $888,215.93
      (other than improvements included
      in real estate valuation)
    Wine Inventory @ cost (Exhibit "3" to Dec)              $1,820,810.42
    Accounts Receivable (Exhibit "4" to Dec)                $308,942.47
Subtotal:                                                                   $3,026,072.40

RC Farms
    Cash                                                    $57.14
    Cash                                                    $2,850.94
    Real Estate, i.e. Parcel No. 126-390-140                $2,000,000.00
      (vineyard and improvements)
    Equipment Inventory (Exhibit "5" to Dec)                $204,439.47
    Accounts Receivable (Exhibit "6" to Dec)                $356,671.95
Subtotal                                                                    $2,564,019.50

Robert and Crista d/b/a Whitelatch Trust
    Real Estate, i.e. Parcel No. 126-390-110                $1,000,000.00
      (vineyard and improvements)
Subtotal                                                                    $1,000,000.00

TOTAL                                                                       $6,590,091.90

1.18    Claar Cellars holds the following, has or expects to receive during the course of 2020, the following amounts which are, or will, constitute cash collateral ("Cash Collateral") pursuant to 11 U.S.C. § 363:

MOTION  -8

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

Cash Collateral

| Description | Claar Cellars | RC Farms |
|---|---|---|
| Cash | $1,336.71 | $57.14 |
| | $6,766.87 | $2,850.94 |
| Equipment Inventory | $888,215.93 | $204,439.47 |
| Wine Inventory @ cost | $1,820,810.42 | |
| Accounts Receivable | $308,942.47 | $356,671.95 |
| TOTAL | $3,026,072.40 | $564,019.50 |
| COMBINED TOTAL = $3,590,091.90 | | |

1.19 Other than Homestreet Bank, Claar Cellars is not aware of any other creditor or party in interest that holds a security interest or lien in the Cash Collateral. The 2020 crop does not yet exist and Homestreet has not provided financing with respect to the 2020 crop. Pursuant to 11 U.S.C. §552, Homestreet has no current security interest or lien in the 2020 crop.

1.20 Claar Cellars seeks to utilize a portion of the Cash Collateral in order to pay the Claar Cellars operating and administrative expenses and fund growing of 2020 grape crop by RC Farms as detailed in the Budget. All of the expenses outlined in the

MOTION -9

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

Budget are reasonable and necessary in order to produce and market current inventory and fund growing of 2020 grape crop by RC Farms.

1.21    Claar Cellars (and its employees) have significant experience in manufacturing and marketing finished wine products. Claar Cellars' projections for both income and expense are supported by historical results and current market conditions as well as significant experience and know-how of Claar Cellars and employees.

1.22    Without the use of the Cash Collateral, Claar Cellars will be unable to produce and market current inventory and fund growing of 2020 grape crop by RC Farms and will be without funds to propose a plan of reorganization.

1.23    Claar Cellars projects to receive the sum of $356,671.95 in 2019 crop proceeds between February 1, 2020 and November 30, 2020 (**"2020 Crop Year"**).

1.24    Claar Cellars (and its employees) have significant experience in growing crops of the same type on the same land as is proposed for 2020. Claar Cellars' projections for both income and expense are supported by historical results as well as the significant experience and know-how of Claar Cellars and employees.

1.25    Without the use of the Cash Collateral, Claar Cellars will be unable to finish planting, growing and harvesting the 2020 crops and will be without funds to propose a plan of reorganization.

MOTION  -10

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

## 2. Motion to Use Cash Collateral.

2.1    Claar Cellars and RC Farms are in immediate need of the use of Cash Collateral in order to protect, preserve, plant, grow and harvest its 2020 crops and meet winery operational expenses.

2.2    11 U.S.C. §363 generally provides that Claar Cellars and RC Farms may use cash collateral in which a secured party holds an interest if Claar Cellars and RC Farms provide the secured creditor with "adequate protection" of its interests.

2.3    At the heart of the concept of adequate protection is the concept that a creditor should have reasonable assurance that Claar Cellars' and RC Farms' use of its collateral will not result in a loss to the creditor.

2.4    In this case, Claar Cellars and RC Farms believe Homestreet has adequate protection for the following reasons:

2.4.1    The total collateral securing repayment of the total debt of Homestreet in the sum of $1,856,121, without including 2020 grape crop, is:

| | |
|---|---|
| Claar Personal Property: | $3,026,072.40 |
| LESS: Payable to RC Farms | ($343,804.47) |
| RC Farms RE and Personal Property: | $2,564,019.50 |
| Robert and Crista d/b/a Whitelatch Trust Property: | $1,000,000.00 |
| TOTAL: | $6,246,287.43 |

2.4.2    Claar Cellars and RC Farms believe the equity cushion of Homestreet provides sufficient adequate protection to justify the use of cash collateral.

MOTION  -11

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

**3.     Request for Relief:**

Claar Cellars respectfully requests the Court:

3.1     Hold an emergency hearing at which time the Court considers and approves Claar Cellars' and RC Farms' interim use of cash collateral pursuant to the Budget and pursuant to the proposed order attached hereto as <u>Exhibit "1"</u>.

3.2     Sets a final cash collateral hearing at which time the Court will consider the Claar Cellars' and RC Farms' request to use Cash Collateral for the entire period of the Budget.

3.3     Grant Claar Cellars and RC Farms such other and further relief as is equitable.

///End of Motion///

/s/ Steven H. Sackmann

DATED: *1-13-2020*     _____

STEVEN H. SACKMANN, #00618
Attorney for Debtor
PO Box 409 - 455 E. Hemlock, #A
Othello, Washington 99344
(509) 488-5636

/s/ Toni Meacham

DATED: *1-13-2020*     _____

TONI MEACHAM, WSBA #35068
Attorney for Debtor
1420 Scooteney Road
Connell, Washington 99326
(509) 488-3289

MOTION  -12

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

1

**EXHIBIT "1"**

2
**PROPOSED**
**ORDER APPROVING INTERIM USE OF CASH COLLATERAL**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    MOTION  -13

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

24

25

Steven H. Sackmann, #00618
Sackmann Law Office
PO Box 409 - 455 E. Hemlock, #A
Othello, Washington 99344
(509) 488-5636 - phone

Toni Meacham, #35068
Attorney at Law
1420 Scooteney Rd
Connell, WA 99326
(509) 488-3289

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

## IN AND FOR THE EASTERN DISTRICT OF WASHINGTON UNITED STATES

| In Re: | Ch 11 |
|---|---|
| **CLAAR CELLARS, LLC,** | Case No: 20-00044-11 |
| **Debtor.** | (PROPOSED) |
| | ORDER APPROVING INTERIM USE OF CASH COLLATERAL |

ORDER  -1

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

This matter came before the Court on the motion of Claar Cellars, LLC ("**Debtor**") for an order: (a) authorizing the Debtor to use cash collateral on an interim basis; and (b) setting a final hearing on the Debtor's motion to use cash collateral ("**Motion**"). The following appearances were made at the hearing: (a) Steven H. Sackmann, Toni Meacham for the Debtors; and (b) Roger W. Bailey for the Co-Debtor; and (c) Homestreet Bank by its counsel. Having reviewed the pleadings filed with the Court and having heard the argument of counsel, the Court hereby finds and orders:

1.      The Motion has been coupled with a request to limit the time for notice and objections. Given the circumstances of this case the Court finds that it is appropriate to limit the time for objections and notice with respect to the Motion and consider the Motion on an emergency basis. The Debtor's Motion to Shorten Time is hereby granted.

2.      Notice of the motion was proper pursuant to FRBP 2002 and LBR 2002-1.

3.      The Motion is hereby granted.

4.      The Court hereby sets a final in-court hearing on the Debtor's motion to use cash collateral for _____, 2020. The hearing shall be held at the United States Bankruptcy Court, _____ and shall commence at _____. The Court shall hold a pre-trial conference on _____, __, 2020 at _____ by telephone conference call. Parties may attend the pre-trial hearing by calling in to the Court's conference line (509.353._____).

ORDER  -2

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

5.      Pending the conclusion of the final cash collateral hearing **("Interim Cash Collateral Period")**, the Debtor is authorized to use the Cash Collateral (as described in the Motion), including crop proceeds to pay the amounts described in the Budget attached to the Motion.  Homestreet Bank shall promptly sign off on and deliver to the Debtor any Cash Collateral in the form of jointly payable checks in the possession of Homestreet or which are presented to Homestreet by the Debtor after the date of this Order.   All Cash Collateral shall immediately be deposited into the Debtor-in-Possession account.

6.      During the Interim Cash Collateral Period, the Debtor shall provide to Homestreet, the Chapter 11 Trustee and any other party requesting special notice, a monthly report **("Report")** describing: (a) the expenses paid by the Debtor during the preceding month on a cash basis; and (b) a comparison of the actual expenses paid to the expenses estimated by the Budget for such period.  The first Monthly Report shall be due three (3) days following the first month of cash collateral usage pursuant to this Order with subsequent reports due on three (3) days after the conclusion of each subsequent one (1) month period.

7.      The Debtor, with the consent of Homestreet Bank and the Chapter 11 Trustee may use Cash Collateral in excess of the amounts described in the Budget so long as such amounts are used for paying expenses incurred in the Debtors' ordinary course of business.

ORDER  -3

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

8.      Under 11 U.S.C. §§361 and 363(e), Homestreet Bank is entitled to adequate protection of its interests in the Cash Collateral.  The Court has allowed the Debtor's use of Cash Collateral, subject to and expressly conditioned on the provisions of this Order (collectively, the "**Adequate Protection Measures**").  Nothing herein shall preclude Homestreet from asserting at any future time that they are not adequately protected or that the value of its collateral is at risk of devaluation or loss.

9.      As security for any diminution in value of the Cash Collateral, Homestreet shall retain its Real Estate Mortgages and personal property security interest in all personal property of RC Farms and Claar Cellars, except 2020 crops, including all insurance claims and insurance recoveries related to the Debtor's 2019 crops, specifically including, but not limited to, the Debtor's right to receive payments from the Federal Crop Insurance Corporation.

10.      To the extent that the Adequate Protection Measures or other measures this Court may order fail to provide adequate protection for the interests of Homestreet in the Cash Collateral, Homestreet shall have super-priority claims under 11 U.S.C. § 507(b).

11.      The automatic stay imposed under 11 U.S.C. § 362(a) shall be modified to permit Debtor and Homestreet to exercise their rights and perform their duties under this Order, *provided* however that nothing contained in this Order shall authorize any party to take any collection action against the Debtors without receiving further authorization from this Court.

ORDER  -4

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

12. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Replacement Liens. No further action, conduct, filing, recording, or notice of any kind is required to perfect the Replacement Lien or to give Homestreet the priorities granted in this Order. Homestreet may in its discretion file and record such financing statements, mortgages, notices of liens, and other instruments or documents to evidence or perfect the Replacement Lien according to non-bankruptcy law, and all financing statements, mortgages, notices, and other documents shall be deemed to have been filed or recorded as of the Petition Date.

13. Immediately upon entry by this Court (notwithstanding any applicable law or rule to the contrary), this Order is valid and binding on and inures to the benefit of the Debtor & Homestreet and all other creditors of the Debtor, any trustee or examiner, any Court-appointed committee in this case, and all other parties in interest and their respective successors and assigns.

14. The fourteen-day stay provided for in Bankruptcy Rule 4001(a)(3) shall not apply to this Order.

15. This Court has and shall retain jurisdiction to enforce this Order according to its terms.

///End of Order///

ORDER  -5

Steven H. Sackmann
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636

Presented by:

1

2  _____
   STEVEN H. SACKMANN, #00618
3  Attorney for Debtors
   PO Box 409 - 455 E. Hemlock, #A
4  Othello, Washington 99344
   (509) 488-5636
5

6  _____
   TONI MEACHAM, WSBA #35068
7  Attorney for Debtors
   1420 Scooteney Road
8  Connell, Washington 99326
   (509) 488-3289
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  ORDER  -6

24

25

**Steven H. Sackmann**
attorney at law
PO Box 409
Othello, WA 99344
509-488-5636